RAYMOND TAYLOR, Plaintiff-Appellant, v. TED TSEKERIS, d/b/a Damen Avenue Grocerland, Inc., Defendant-Appellee.

First District (1st Division)   No. 86—0335

Opinion filed November 2, 1987.

Solomon I. Hirsh and Dale D. Pierson, both of Chicago, for appellant.

Benjamin P. Hyink and Lawrence M. Liebman, both of Chicago, for appellee.

JUSTICE MANNING delivered the opinion of the court:

The plaintiff, Raymond Taylor, was employed by Damen Avenue Grocerland, Inc., whose president is the defendant, Ted Tsekeris. On April 9, 1984, Taylor was injured on the job while lifting meat, and the next day, Taylor informed Tsekeris that he would be unable to work for an indeterminate period of time due to his injury. Furthermore, he advised Tsekeris that he planned to file a worker's compensation claim. The following day, Taylor was discharged by the defendant.

On May 14, 1984, Taylor filed a claim with the Illinois Industrial Commission under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 et seq.) and on May 17, 1985, he filed an action in tort in the circuit court of Cook County against Ted Tsekeris, d/b/a Damen Avenue Grocerland, Inc., alleging that his discharge was in retaliation for his stated intention of filing a worker's compensation claim under the Illinois Workers' Compensation Act.

On January 6, 1986, the defendant's motion to dismiss the complaint, filed pursuant to section 2—619(a)(1) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(1)), was granted and this appeal follows. The defendant maintains on this appeal that the trial court lacked jurisdiction since the National Labor Relations Board has exclusive primary jurisdiction over the subject matter. He contends, moreover, that Federal labor law preempted Taylor's tort claim because of his failure to utilize the contractual grievance procedures set forth in the collective bargaining agreement.

In effect at the time of the discharge was a collective bargaining agreement between Damen Avenue Grocerland and Local 546 of the United Food and Commercial Workers Union which provided that "after an employee has completed the probationary period such employee shall not be discharged or otherwise disciplined without just cause." It is defendant's position that disputes concerning the application of this provision are resolved through established grievance procedures which are "binding upon the grievant employee, the union and the employer." The record is devoid of any suggestion that the plaintiff ever filed a grievance with the union, although defendant alleges that the plaintiff was represented by Local 546.

The issues presented for review are: (1) whether the trial court erred in dismissing this complaint for lack of subject matter jurisdiction, and (2) whether the plaintiff's cause of action was preempted by

Federal law, *i.e.*, section 301 of the Labor Management Relations Act (29 U.S.C. §185(a) (1982)).

■ In the instant case, the plaintiff contends that the trial court erroneously held that it lacked subject matter jurisdiction over this complaint. We agree. Under section 301 of the Labor Management Relations Act (29 U.S.C. §185(a) (1982)), Federal district courts are vested with jurisdiction over complaints alleging a breach of contract between an employer and union. (*Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 321, 489 N.E.2d 1367.) However, Illinois has a strong public policy to insure that workers covered by the Workers' Compensation Act are protected. Ill. Rev. Stat. 1981, ch. 48, par. 138.6; *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 150, 473 N.E.2d 1280, *cert. denied* (1985), 474 U.S. 909, 88 L. Ed. 2d 243, 106 S. Ct. 278, *cert. denied* (1985), 472 U.S. 1032, 87 L. Ed. 2d 642, 105 S. Ct. 3513.

In *Kelsey v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the Illinois Supreme Court recognized a tort action for retaliatory discharge under the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) as a remedy available to at-will employees. The court held that an employer who discharges an employee at will in retaliation for filing a worker's compensation claim has committed a tort under Illinois law and can be assessed both compensatory and punitive damages. *Kelsey v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 189, 384 N.E.2d 353.

In *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 150, 473 N.E.2d 1280, *cert. denied* (1985), 474 U.S. 909, 88 L. Ed. 2d 243, 106 S. Ct. 278, *cert. denied* (1985), 472 U.S. 1032, 87 L. Ed. 2d 642, 105 S. Ct. 3513, the Illinois Supreme Court extended the tort of retaliatory discharge to include unionized employees covered by collective bargaining agreements with grievance procedures requiring "just cause" for discharge.

■ The defendant contends that the retaliatory discharge cause of action is within the exclusive primary jurisdiction of the National Labor Relations Board (NLRB). We disagree. The NLRB has held that an individual who files a worker's compensation claim is not engaged in activity protected by section 7 of the National Labor Relations Act (NLRA). Therefore, an employer that discharges such employee does not commit an unfair labor practice under section 8(a)(1). *Central Georgia Electric Membership Corp.* (1984), 115 L.R.R.M. (BNA) 1311 (269 NLRB No. 123).

■ Since the filing of a worker's compensation claim is not activity protected by the NLRA, primary jurisdiction over individuals who

file workers' compensation claims does not lie with the NLRB, and we, therefore, conclude that the trial court does have subject matter jurisdiction in this case.

The defendant further contends that the retaliatory discharge cause of action is preempted by section 301 of the Labor Management Relations Act. In support of this contention he cites *Allis-Chalmers v. Lueck* (1985), 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1904, and *Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 489 N.E.2d 1367. The Illinois Supreme Court distinguished both *Allis-Chalmers* and *Bartley* in its recent decision of *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 503 N.E.2d 308.[1] The facts in *Gonzalez* are very similar to the facts in the instant case. Gonzalez was covered by a collective bargaining agreement with a "just cause" provision for discharge. Gonzalez filed a complaint in the circuit court of Livingston County alleging that he was discharged for filing a worker's compensation claim under the Workers' Compensation Act. The court held that since retaliatory discharge claims are grounded in important public policy, retaliatory discharge claims were not preempted by section 301 of the Labor Management Relations Act. (*Gonzalez*, 115 Ill. 2d at 9-10.) Moreover, unionized employees were not required to plead exhaustion of the grievance arbitration procedure established in the collective bargaining agreement to state a valid cause of action for retaliatory discharge. *Gonzalez*, 115 Ill. 2d at 12-24; *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280, *cert. denied* (1985), 474 U.S. 909, 88 L. Ed. 2d 243, 106 S. Ct. 278, *cert. denied* (1985), 472 U.S. 1032, 87 L. Ed. 2d 642, 105 S. Ct. 3513.

In *Allis-Chalmers*, the U.S. Supreme Court held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of [a collective bargaining] agreement made between the parties in a labor contract, that claim must either be treated as a §301 claim [citation] or dismissed as pre-empted by federal labor-contract law." (*Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 220, 85 L. Ed. 2d 206, 221, 105 S. Ct. 1904, 1916.) Under the facts of *Gonzalez* and in the instant case, the analysis of the tort claim does not depend upon an interpretation of the "just cause" provision of the labor contract; instead, the State tort claim is based on a duty and right firmly rooted and fixed in an important public policy. *Gonzalez*, 115 Ill. 2d at 9, 503 N.E.2d at 312.

---

[1]Subsequent to the filing of this appeal, the Illinois Supreme Court directly addressed both issues presented herein in *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 503 N.E.2d 308.

The *Gonzalez* court distinguishes *Bartley v. University Asphalt Co.*, holding that the plaintiff's complaint in *Bartley* alleged a breach of the labor agreement and a breach of the union's duty of fair representation. The court noted that since a resolution of the claim in *Bartley* was substantially dependent upon analysis of the terms of the collective bargaining agreement, the claim was preempted by Federal labor contract law. *Bartley v. University Asphalt Co.* (1986), 111 Ill. 2d 318, 332, 489 N.E.2d 1367; *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 9, 503 N.E.2d 308, 312, quoting *Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 220, 85 L. Ed 2d 206, 221, 105 S. Ct. 1904, 1916.

■ It is well established that "the foundation of the tort of retaliatory discharge lies in the protection of public policy." (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 133, 421 N.E.2d 876; *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 9, 503 N.E.2d 308, 312.) The Illinois Supreme Court reasoned that *Bartley* arises from an alleged breach of the labor agreement, whereas *Gonzalez* arises out of an alleged violation of "clearly mandated public policy." (*Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 11, 503 N.E.2d 308, 313.) The facts in the instant case also arise out of a violation of public policy. The *Gonzalez* court held that "[b]ecause the claims asserted arise under the clear mandate of Illinois public policy, which exists independent of any privately negotiated contract rights or duties, we conclude that their adjudication in no way depends upon an interpretation of the 'just cause' provision of the labor contract." 115 Ill. 2d at 11-12, 503 N.E.2d at 313.

■ The defendant finally argues that the plaintiff's cause of action was barred because he failed to utilize the grievance procedures set forth in the collective bargaining agreement. The Illinois Supreme Court resolved this issue in *Midgett* and *Gonzalez*. The court held that employees were not required to plead exhaustion of the grievance arbitration procedure established in the collective bargaining agreement to state a valid cause of action for retaliatory discharge. *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280, *cert. denied* (1985), 474 U.S. 909, 88 L. Ed. 2d 243, 106 S. Ct. 278, *cert. denied* (1985), 472 U.S. 1032, 87 L. Ed. 2d 642, 105 S. Ct. 3513; *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 12, 503 N.E.2d 308, 313.

■ We recognize that the Court of Appeals of the Seventh Circuit recently held in *Lingle v. Norge Division of Magic Chef, Inc.* (7th Cir. 1987), 823 F.2d 1031, that a claim for retaliatory discharge is a claim for breach of the collective bargaining agreement; therefore, it

is preempted by section 301. Moreover, the court upheld the dismissal of this case by the district court because the plaintiff failed to exhaust the grievance procedures set forth in the collective bargaining agreement. (823 F.2d 1031.) However, the Illinois Supreme Court noted in *Kelsay* that decisions of the Federal courts in construing statutes of this State are not binding on State courts. *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 182, 384 N.E.2d 353.

We hold, therefore, that the trial court does have subject matter jurisdiction to adjudicate the issues of this complaint. Moreover, based on the analysis set forth in *Gonzalez,* we further hold that the tort of retaliatory discharge is not preempted by section 301, and consistent with the holdings of the Illinois Supreme Court, employees are not required to exhaust grievance procedures set forth in the collective bargaining agreement to bring an action in tort. Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

QUINLAN, P.J., and BUCKLEY, J., concur.

